```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

FRED KISSLING,                  )
                                )
                                ) Civil Action No. 5:10-22-JMH
        Plaintiff,              )
                                )
v.                              )
                                )
                                ) **MEMORANDUM OPINION AND ORDER**
OHIO CASUALTY INSURANCE         )
COMPANY,                        )
                                )
        Defendant.              )

                    **       **       **       **       **

This matter is before the Court on Defendant Ohio Casualty Insurance Company's motion to dismiss Plaintiff Fred Kissling's class action allegations pursuant to Fed. R. Civ. P. 12(b)(6) [RN 8]. Plaintiff responded [RN 9] and Defendant replied [RN 11]. This matter is now ripe for review.

## I.  BACKGROUND

On January 23, 2009, certain property which was owned by Plaintiff, Fred Kissling, and insured by Defendant, Ohio Casualty Insurance Company, sustained water damage from a burst pipe. Plaintiff alleges that on January 23, 2009, he notified Defendant of his claim in a manner which satisfied the terms of the policy of insurance. Over the course of the next several months, Defendant made a series of payments to Plaintiff on said claim.

On January 21, 2010, Plaintiff filed what is styled a "Class

Action Complaint," asserting that because Defendant failed to settle his claim within thirty days, he is due interest and attorney's fees for Defendant's violation of KRS 304.12-235, which provides:

> (1) All claims arising under the terms of any contract of insurance shall be paid to the named insured person or health care provider not more than thirty (30) days from the date upon which notice and proof of claim, in the substance and form required by the terms of the policy, are furnished the insurer.
>
> (2) If an insurer fails to make a good faith attempt to settle a claim within the time prescribed in subsection (1) of this section, the value of the final settlement shall bear interest at the rate of twelve percent (12%) per annum from and after the expiration of the thirty (30) day period.
>
> (3) If an insurer fails to settle a claim within the time prescribed in subsection (1) of this section and the delay was without reasonable foundation, the insured person or health care provider shall be entitled to be reimbursed for his reasonable attorney's fees incurred. No part of the fee for representing the claimant in connection with this claim shall be charged against benefits otherwise due the claimant.

Plaintiff seeks relief individually and on behalf of a class of similarly situated persons which he defines as:

> All first party insureds who, within the last five years, suffered a loss covered by their Ohio Casualty policy, furnished Ohio Casualty with notice and, if requested, proof of claim, and who received a settlement or claim payment from Ohio Casualty, but who were not paid 12% interest on the ultimate settlement, and where Ohio Casualty did not attempt to settle their claim within 30 days of being furnished the notice and, if requested, proof of claim.

Complaint at ¶ 19. Plaintiff alleges that common questions of law

and fact, specifically whether Defendant owes interest and attorney fee pursuant to KRS 304.12-235, predominate this litigation, making it appropriate for a class action lawsuit.

Defendant filed a motion to dismiss Plaintiff's allegations as to the putative class, arguing that factually-intensive individual inquiries which would essentially be a finding on the merits of each putative class member's claim would be required to determine the class, thus, rendering this matter inappropriate for class certification. For the reasons that follow, the Court will grant Defendant's motion to dismiss Plaintiff's class allegations.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007)

(Wilhoit, J.).

### III. ANALYSIS

Plaintiff first argues that because he has not been afforded time to discover and prepare his motion for class certification, that a motion to dismiss is inappropriate at this juncture. Citing *General Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 160 (1982), Defendant responds that because the proposed class is a fail-safe class which is fatally flawed, the Court may dismiss the class allegations at the pleadings stage, prior to a motion for class certification. The Court agrees with Defendant.

As this Court previously explained,

> If the class definition requires a determination on the merits before a member can be identified, the plaintiffs have effectively reinstated "one-way intervention," which the 1966 Amendment to Rule 23 was designed to eliminate. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547, (1974). A ruling in favor of the defendant on liability would mean there is no class, so no unnamed plaintiffs could be bound by the unfavorable decision; yet these plaintiffs would have the full benefit of any decision in their favor.

*Eversole v. EMC Mortg. Corp.*, No. 05-124, 2007 WL 1558512 at *4 (E.D. Ky. May 29, 2007) (Forester, J.). Here, as in *Eversole,* the proposed class is precisely of the type which, as discussed in *Am. Pipe & Constr. Co.*, 414 U.S. 538, the 1966 Amendment to Rule 23 sought to prohibit. In order to ascertain if a person is a member of the proposed class, it must first be determined that 1) the putative class member provided notice and proof of claim as required under the terms of the policy providing coverage for the

4

loss; 2) that Defendant failed to make a good faith attempt to settle the putative class member's claim within thirty days of receipt of proper notice and proof of claim; and 3) that Defendant failed to pay 12% interest, as required by KRS 304.12-235(2). If the putative class member is in fact a member of the class, then he necessarily prevails on his claim, as class membership is also determinative of liability. As this Court previously explained, such a fail-safe class is prohibited.[1] *Eversole*, at *4 ("If the class definition requires a determination on the merits before a member can be identified, the plaintiffs have effectively reinstated 'one-way intervention,' which the 1966 Amendment to Rule 23 was designed to eliminate.") (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538(1974)).

Plaintiff fails to offer any reason why the law of *Eversole* dictates a different result in the instant case. Instead, Plaintiff cites *Faktor v. Lifestyle Lift*, 2009 WL 1565954, No. 09-511 (N.D. Ohio June 3, 2009) for the proposition that class allegations cannot be dismissed prior to Rule 23 certification analysis. *Faktor* involved a motion to strike under Fed. R. Civ. P. 23(d)(1)(D), which permits a court to dismiss certain class allegations after the class certification determination. *Faktor*'s

---

[1] While Plaintiff is correct in stating that *Eversole* was decided on a motion for class certification, there, the Court determined that the putative fail-safe class was improper even before reaching the merits of the plaintiff's motion for class certification and the Rule 23 analysis.

ruling that a motion to strike under Fed. R. Civ. P. (d)(1)(D) is inappropriate prior to class certification analysis is inapplicable to the instant motion brought under Fed. R. Civ. P. 12(b)(6).

Despite Plaintiff's contrary contention, the putative class's very nature would require extensive, individualized factual inquiries to even determine if an individual is a member of the putative class. Determining membership in the class would essentially involve "mini-hearings" for each potential member of the putative class to determine what type of notice of proof of claim was given to Defendant, whether that notice or proof of claim satisfied the requirements contained in the policy of insurance, and whether a "good faith attempt to settle" was made within thirty days of Defendant's receipt of proper notice. *See* KRS 304.12-235. This Court has previously ruled that where "mini-hearings" would be required to ascertain membership in the putative class, such a class definition is unworkable. *Eversole*, at *5; *Chaz Concrete Co. v. Codell*, No. 03-52, 2006 WL 2453302 at *5 (E.D.Ky, June 23, 2006) ("Where extensive factual inquires are required to determine whether individuals are members of a proposed class, class certification is likely improper.") (citing *Bostic v. St. Judge Medical, Inc.*, No. 03-2626, 2004 WL 3313614 at *16 (W.D.Tenn. 2004)("an inquiry into the merits of the case should not be required of the court in its determination of whether a person is a member of class")).

## IV. CONCLUSION

Because Plaintiff's class allegations are not plausible on their face, in that the proposed class is not properly defined, the Court will grant Defendant's motion to dismiss Plaintiff's class allegations.

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

That Defendant's motion to dismiss Plaintiff's class allegations [RN 8] shall be, and the same hereby is, **GRANTED.**

This the 14th day of May, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7